# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ANTONIO MAURICE PRICE MCCOLLINS,                               PETITIONER

v.                                                             No. 2:08CV90-P-A

LAWRENCE KELLY, ET AL.                                         RESPONDENTS


## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Antonio Maurice Price McCollins for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition as untimely filed. For his part, McCollins has moved to stay the case while he seeks to exhaust his remedies in state court. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

## Fact and Procedural Posture

The petitioner Antonio McCollins is in the custody of the Mississippi Department of Corrections and housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted on April 20, 2005, in the First Judicial District of Tallahatchie County, Mississippi, of conspiracy, burglary of a dwelling, grand larceny, and first degree arson. On May 27, 2005, McCollins was sentenced to serve five years for conspiracy, twenty-five years for burglary of a dwelling, five years for grand larceny, and twenty years for arson, all to be served consecutively in the custody of the Mississippi Department of Corrections. The McCollins filed an appeal with the Mississippi Court of Appeals, and, on March 20, 2007, the court affirmed his convictions and sentences. *McCollins v. State*, 952 So.2d 305 (Miss. App. 2007) (Cause No. 2005-KP-01236-

COA). McCollins did not file a motion for rehearing in the Mississippi Court of Appeals or seek a writ of *certiorari* to the Mississippi Supreme Court. McCollins has not sought post-conviction relief in either Tallahatchie County or the Mississippi Supreme Court. He filed the instant petition for a writ of *habeas corpus* on May 29, 2008.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Under this rule, McCollins' conviction became final fourteen days after his conviction was affirmed, or on April 3, 2007 (March 20, 2007 + 14 days).[1] As such, to benefit from

---

[1] Because McCollins never sought rehearing in the Mississippi Court of Appeals, fourteen days, the time period during which he could have sought such review, is added to the date on

statutory tolling of the limitations period, McCollins should have filed a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 3, 2008. *Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). He did not do so.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed (listed only as "May 2008") and the date it was received and stamped as "filed" in the district court on May 29, 2008. Giving the petitioner the benefit of the doubt by presuming that the petition spent the usual three days in the mail – and that he presented the petition to prison officials immediately upon signing it – the instant petition was filed on May 26, 2008 – or 53 days after the April 3, 2008, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

which his direct appeal ended and his conviction became final. *See* MISS. R. APP. P. Rule 40(a); *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).